UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| INTEGRATED SOLUTIONS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-CV-1247-JWL-DJW |
| ) | |
| JESUS G. IBARRA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## TEMPORARY RESTRAINING ORDER

Plaintiff has filed a Verified Complaint and Motion for Temporary and Preliminary Injunctive Relief, and a Memorandum in Support, requesting the enforcement of a covenant not to compete, and an injunction against acts in furtherance of alleged unfair competition.

Under Fed. R. Civ. P. 65(b), temporary injunctive relief is justified and supported by the facts set forth in the Verified Complaint, and repeated in the Memorandum of Law in Support, filed herewith, which show that plaintiff meets all of the elements required for temporary injunctive relief: (1) plaintiff is likely to prevail on the merits; (2) plaintiff will suffer irreparable injury without the injunctive relief; (3) plaintiff's injury outweighs any injury the injunction will cause defendant; and (4) injunctive relief furthers the public interest.

Plaintiff has demonstrated irreparable harm in the diversion of customers, in the confusion of customers, in the harm to plaintiff's good will, and in the departure of its work force from its Liberal, southwest Kansas location.

Further, counsel for plaintiff has certified in writing his efforts to give notice to defendant's counsel.

Until further order of the Court, or expiration of this Order as set forth herein, defendant is restrained from breach of his covenant not to compete as follows:

> Defendant will not, directly or indirectly become employed, retained, or engaged by, or establish or open or obtain an interest in any business, trade, or occupation in competition with or similar to the asbestos and/or insulation business conducted by the Corporation within the State of Kansas or 150-mile radius of Liberal, Kansas, whichever is greater. However, this restriction shall not apply to restrict employment by a major manufacturer (such as, but not limited to, Air Products and Arkalon) which conducts similar activities on its own behalf as a part of its manufacturing operations or does not traditionally offer outside support to third parties.

Defendant is restrained from calling on plaintiff's customers and diverting them to himself and his new employer, Northwest Insulation. Defendant is restrained from using information claimed as confidential by plaintiff, including customer contact information, plaintiff's pricing and other financial information, and plaintiff's supplier and cost information.

Defendant is restrained from interfering with plaintiff's contracts with its customers; from soliciting for employment additional employees of plaintiff; and from soliciting business from plaintiff's customers.

Defendant is restrained from contacting iSi's customers for any purpose, and is specifically restrained from passing himself or his current employer off as iSi, or as the successor in interest to iSi, or as the purchaser of iSi.

Defendant is restrained from destroying or deleting any evidence related to plaintiff's claims, including but not limited to any electronic evidence, including but not limited to email, text, phone records, and all electronic or documentary evidence relating to plaintiff's claims.

This Order binds those who receive actual notice of it by personal service or otherwise, including those persons who are in active concert or participation with the defendant.

IT IS ACCORDINGLY ORDERED this 16th day of July, 2012, that the plaintiff's Motion for Temporary Injunctive Relief is hereby granted, and the defendant is temporarily restrained and enjoined as set forth in this Order.

The hearing on plaintiff's Motion for Preliminary Injunction will be heard on the 23nd day of July, 2012, at 1:30 a.m./p.m. at Wichita.

If not extended for good cause shown, this Order will expire 14 days after its entry.

ISSUED:
DATE: 7/16/12
TIME: 4:00

/s/ Monti Belot